UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-24697-KMM

SERGIO NEFTALI MEJIA-DUARTE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

THIS CAUSE came before the Court upon the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct filed by Movant Sergio Neftali Mejia-Duarte. ("Mot.") (ECF No. 1). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to take "all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." (ECF No. 16). On January 24, 2024, Magistrate Judge Louis entered a Report and Recommendation, recommending that the Motion to Vacate be denied. ("R&R") (ECF No. 34). On February 21, 2024, Movant filed Objections to the R&R. ("Objs.") (ECF No. 37). The Government then filed a Response to the Objections. ("Resp.") (ECF No. 38). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

I.  **BACKGROUND**[1]

Though Magistrate Judge Louis thoroughly parsed through the Motion and extracted the allegations therein, the Court nevertheless provides a brief summary.

On July 14, 2015, Movant was charged with conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, intending that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959(a)(2) and 21 U.S.C. § 963. R&R at 2. Movant was extradited from Honduras to the United States and ultimately pleaded not guilty to the sole charge against him. *Id.* In November 2017, then-Chief United States Magistrate Judge Andrea M. Simonton held a status conference and two *Garcia* hearings regarding Movant's trial counsel's conflict. *Id.* at 3. Movant's trial counsel, Louis Casuso,[2] was also representing a cooperating witness in addition to Movant. *Id.* Ultimately, Movant and the cooperating witness both executed waivers under Federal Rule of Criminal Procedure 44(c), which the Court accepted as knowing and voluntary waivers of the right to conflict-free counsel. *Id.* at 4–5.

On December 29, 2017, the Government filed an additional Notice pursuant to *Garcia v. United States*, indicating a second cooperating witness also represented by Casuso. *Id.* at 5. The Government represented that it did not believe Casuso's representation of the second cooperating witness presented a conflict of interest that impaired Movant's right to conflict-free counsel because that witness had pleaded guilty to narcotics trafficking alongside some of Movant's co-

---

[1] The Court recites the relevant background based on the factual recitation in the R&R.

[2] In addition to Louis Casuso, Movant was also represented by Casuso's co-counsel of record, Eric Padron. R&R at 5.

2

conspirators, did not have any interactions with Movant, and did not provide information that led to Movant's indictment—thus, no waiver was needed. *Id.*

After a two-day jury trial commencing on January 8, 2018, the jury found Movant guilty of the sole count charged in the Indictment. *Id.* at 6. On May 21, 2018, Movant was sentenced to life imprisonment, to be followed by five years of supervised release. *Id.* at 7. Movant's conviction and sentence were affirmed on appeal; Movant's Petition for Writ of Certiorari was also denied by the Supreme Court. *Id.* at 8.

Now, Movant raises eighteen grounds for relief centered on ineffective assistance of counsel by Casuso. *Id.* at 8–10 (summarizing Movant's arguments).

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is required if a party files "a proper, specific objection" to a finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and

positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

**III.   DISCUSSION**

As an initial matter, Magistrate Judge Louis finds that:  (1) Grounds One, Five, Nine, Ten, and Seventeen are not procedurally barred; and (2) Grounds Two and Eleven are procedurally barred from review because they were already decided by the Eleventh Circuit, and thus may be denied on that basis.  R&R at 14–16.  The Court nonetheless reviews each argument on its merits.

**A.  Ground 1:  Right to Conflict-Free Counsel**

Movant lists eighteen grounds for challenging his sentence.  *See generally* Mot.  Ground One concerns Movant's right to conflict-free counsel; Movant argues that Casuso had actual and unwaivable conflicts of interest that he intentionally concealed.  *Id.* at 13–23.  Magistrate Judge Louis finds that Ground One fails because Movant's claim of ineffective assistance of counsel based on Casuso's contemporaneous representation of Lobo was waived, and Movant fails to establish there was an actual conflict of interest involving Victor Mosquera Perez, Oscar David Pulgarin-Ganan, Ramiro Caro Pineda, or Warner Broon Benitez Lopez.  R&R at 19–25.  In his

4

Objections, Movant argues that Magistrate Judge Louis did not accurately summarize his grounds for relief. Objs. at 9. In response, the Government argues that Magistrate Judge Louis painstakingly reviewed all of Movant's arguments and correctly identified that Movant failed to show any instance in which Casuso chose a course of action favorable to one of his other clients to the detriment of Movant. Resp. at 5. The Court agrees with Magistrate Judge Louis and finds that nowhere in the Motion or the Objections does Movant identify an example of Casuso doing anything that was favorable to his other clients to the detriment of Movant. Indeed, Movant simply states that Magistrate Louis made this finding without considering the "numerous facts and arguments" in his Reply but does not elaborate beyond that. Objs. at 13. Plaintiff's disagreement with Magistrate Judge Louis's findings is not a proper objection to the R&R, nor does it remedy the deficiencies identified in the R&R. *See Melillo*, 2018 WL 4258355, at *1.

### B. Grounds 2–18: Ineffective Assistance of Counsel

Grounds Two through Eighteen all concern Movant's right to effective assistance of counsel. *See* Mot. at 24–74. After a careful review of arguments from Movant and the Government, Magistrate Judge Louis finds that (1) Ground Two fails because Movant has not established deficient performance or prejudice to the extent evidence regarding Pena's killing was factored into Movant's sentencing guidelines calculation, R&R at 28–30; (2) Ground Three fails because Movant has not established deficient performance or prejudice based on Casuso's failure to call a defense rebuttal expert, *id.* at 30–33; (3) Ground Four fails because Movant has not shown deficient performance or prejudice based on Casuso's relatively short opening statement, *id.* at 34; (4) Ground Five fails because Movant's objections to various witnesses' testimony are not supported by reference to any Federal Rule of Evidence or caselaw, *id.* at 35–36; (5) Ground Six fails because Movant failed to establish prejudice based on Casuso's and Padron's cross-

5

examination of certain witnesses, *id.* at 36–38; (6) Ground Seven fails because Movant's arguments about Casuso's cross-examination are refuted by the record and cite to no legal authority, *id.* at 38–40; (7) Ground Eight is nonsensical in that Movant claims ineffective assistance with respect to actual possession of firearms while also implicitly conceding constructive possession, *id.* at 40–42; (8) Grounds Nine and Ten fail because there were no grounds for a mistrial based on Jose Lopez's testimony, *id.* at 42–44; (9) Ground Eleven fails because it is merely Movant's attempt to vaguely re-argue the merits of the Court's evidentiary rulings in the guise of an ineffective assistance of counsel claim, *id.* at 44–46; (10) Ground Twelve fails because Movant has not established deficient performance based on Casuso's Rule 29 motion or Casuso's failure to timely file a motion for new trial, *id.* at 46–47; (11) Ground Thirteen is too frivolous for serious consideration, *id.* at 47; (12) Ground Fourteen fails because contrary to his own argument, Movant expressly recognizes that Casuso did communicate the Government's plea offer to Movant, *id.* at 47–50; (13) Ground Fifteen fails because the fact that Movant did not testify to refute his involvement in the conspiracy is insufficient to undermine the Court's confidence in the trial's outcome, *id.* at 50–55; (14) Ground Sixteen fails because Movant has not shown that Casuso's closing argument was so deficient that it was constitutionally infirm, nor has he shown how a nondeficient closing argument would have led to a different trial result, *id.* at 55–56; (15) Ground Seventeen fails because Movant has not identified any resulting prejudice based on Casuso's failure to object to the Government's rebuttal closing argument, *id.* at 56–58; and finally (16) Ground Eighteen fails because this final batch of claims[3] is conclusory, cites to no legal

---

[3] In Ground Eighteen, Movant claims that Casuso rendered ineffective assistance of counsel because he did not file proposed voir dire questions, proposed jury instructions, a sentencing memorandum, character letters, nor did he call witnesses at sentencing to seek a sentence other than life imprisonment. R&R at 58.

authority in support of finding deficient performance, and identifies no prejudice, *id.* at 58–59.

Movant's objections improperly expand upon arguments already considered by Magistrate Judge Louis, or simply disagree with Magistrate Judge Louis's conclusions. *See Melillo*, 2018 WL 4258355, at *1. For example, Movant objects to the finding in Ground Six that he failed to establish prejudice based on Casuso's cross-examination, arguing that Magistrate Judge Louis "failed to consider and address [Movant's] reply, which highlighted a number of additional failures of Casuso." Objs. at 28. As the Government correctly notes, Magistrate Judge properly declined to consider certain arguments in Movant's reply brief because they were not referenced in the initial Motion. Resp. at 4; *see also* R&R at 11; *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'"). Movant also objects to all findings that Movant's claims are refuted by the record, fail to show prejudice, are based on conclusory assertions, or are simply incomprehensible or frivolous. *See* Objs. at 22–40. However, Movant fails to support those objections by demonstrating any prejudice or providing details to elaborate upon conclusory assertions. Thus, Plaintiff's arguments are not proper objections to Magistrate Judge Louis's R&R, nor do they remedy the deficiencies identified in the R&R. Accordingly, this Court need only be satisfied that there is no clear error. *See Keaton,* 2015 WL 12780912, at *1.

Magistrate Judge Louis further finds that because the issues presented can be resolved based on the record before the Court, no evidentiary hearing is warranted. R&R at 59–60. Magistrate Judge Louis recommends that Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct (ECF No. 1) be denied and no Certificate of Appealability be issued. *Id.* at 61. This Court agrees.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct (ECF No. 1), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. The R&R (ECF No. 34) is ADOPTED.
2. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct (ECF No. 1) is DENIED.
3. No Certificate of Appealability shall issue.
4. The Clerk of Court is instructed to CLOSE this case.
5. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this *14th* day of March, 2024.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  counsel of record